IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3122-FL

|  |  |  |
|---|---|---|
| TROY ALLEN BRANSGAARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE UNITED STATES BUREAU OF | ) | |
| PRISONS HEALTH SERVICE STAFF; | ) | |
| TANESHA NOBLES MCCULLEY;[1] | ) | |
| ALICE HOPPER;[2] DR. JAMES S. | ) | |
| WILSON; AND THE UNITED STATES, | ) | |
| | ) | |
| Defendants. | ) | |

The matter comes before the court on the motion to dismiss (DE # 17) pursuant to Federal

Rule of Civil Procedure 12(b)(6) filed by defendant Dr. James S. Wilson, to which plaintiff

responded. Also before the court is the motion to dismiss, or in the alternative, motion for summary

judgment[3] (DE # 33) filed by defendants TaNesha Nobles McCulley ("McCulley"), Alice Hopper

("Hopper"), the United States Bureau of Prisons health service staff ("BOP Health Service Staff"),

and the United States of America (the "United States"), to which plaintiff did not respond. In this

---

[1] The party identified by plaintiff as Mrs. Nobles informed the court that her actual name is TaNesha Nobles McCulley and the court hereinafter will refer to her by such name.

[2] The party identified by plaintiff as Mrs. Priest informed the court that her actual name is Alice Hopper and the court hereinafter will refer to her by such name.

[3] Because defendants attached matters that are outside of the pleadings, defendants' motion to dismiss will be construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

posture, the matters are ripe for adjudication. For the foregoing reasons, the court grants defendants' respective motions.

## STATEMENT OF THE CASE

On June 1, 2011, plaintiff, a federal inmate, filed this action in the United States District Court for the Middle District of North Carolina pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672, *et seq.*, pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971)*,* and pursuant to the Freedom of Information Act ("FOIA") against defendants. The action was transferred to this court on June 30, 2011.

On July 12, 2011, Magistrate Judge William A. Webb entered an order of deficiency informing plaintiff that his action was not filed on the proper form, that he provided an insufficient number of copies, and that he failed to provide an address for the defendants. In response, plaintiff filed a motion to amend his complaint and provided his complaint on the proper form. In his amended complaint, plaintiff alleges defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Plaintiff also alleges, pursuant to the FTCA, medical malpractice, negligent placement in the federal correctional institution at Butner's Special Housing Unit ("SHU"), and negligent sanction with the loss of good-time credit. Finally, plaintiff alleges a FOIA claim for denial of access to his medical records. The court allowed plaintiff to proceed with his amended complaint.

On November 22, 2011, Wilson filed a motion to dismiss, arguing that plaintiff failed to state a claim upon which relief may be granted, and the matter was fully briefed. On February 10, 2012, the remaining defendants filed their motion for summary judgment arguing that the court lacks subject matter jurisdiction over several of plaintiff's FTCA claims because plaintiff failed to exhaust

his administrative remedies. McCulley and Hopper argue that plaintiff's remaining FTCA claims

should be dismissed for failure to state a claim upon which relief may be granted. These defendants

also argue that plaintiff's <u>Bivens</u> claims should be dismissed because they are entitled to absolute

immunity. Finally, McCulley and Hopper argue that plaintiff's FOIA claim regarding his medical

records should be dismissed for failure to state a claim upon which relief may be granted. Although

he was notified of the motion for summary judgment, plaintiff did not file a response.

## STATEMENT OF FACTS

The facts construed in the light most favorable to plaintiff are as follows:

> On or about the month of July 2008, Plaintiff was seen by Health
> Services Staff (Mrs. Nobles, Mrs. Priest), for complications with an
> injury that Plaintiff acquired pre-incarceration. Plaintiff was
> receiving an I.V. drip medication and had been bed ridden for
> approximately fifteen months, which led to his appointment by the
> Physical Therapy Staff, (Mrs. Nobles, Mrs. Priest). During the
> appointment Mrs. Priest attempted to stretch Plaintiff's back muscles
> by pushing his legs (while bent at the knees) into his abdomen.
> During this process, Plaintiff felt a strong pop in his lower abdominal
> area [] immediately began experiencing severe pain. Note-the
> Plaintiff was in the Federal Medical Center area of the institution due
> to prior extensive surgeries to his abdominal area due to pre-
> incarcerated injuries. After the incident with Physical Therapy, over
> a period of the next few months, the injury to the abdomen became
> more infection: and soon began to tear and swell to the point of fecal
> matter was leaking constantly from the plaintiff's abdomen. At this
> point, Plaintiff began requesting that the bandage (sic) often as
> needed and medical staff would only agree to change the bandage
> twice per day even though the bandage was saturated with fecal
> matter to the point of soaking through the Plaintiff's shirt. At this
> point, Medical Staff informed Plaintiff that he would have to begin
> changing the bandage himself. Plaintiff was never given an
> opportunity to eat in a designated area of the building that would
> have been appropriate to his needs because of sanitation. He was
> having to eat in the dining area where all other Inmates were eating.

3

> Plaintiff's abdomen would leak fecal matter constantly, causing an
> extreme odor, therefore creating an immediate problem with those
> that where attempting to eat around him.

Am. Compl. pp. 3, 4.

Plaintiff alleges that he was not provided the appropriate medical documentation to proceed with his claim and that he requested the information pursuant to FOIA. Plaintiff also alleges that when he became irritated about his condition, he was taken to the SHU, lost good-time credit, and lost other privileges. Finally, plaintiff alleges that he sought assistance from the mental health services department and "has been denied one and one services that exceed more than one month." Am. Compl. p. 4.

## DISCUSSION

A.    Wilson's Motion to Dismiss

1.    Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations

4

omitted).  In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief.  <u>Francis v. Giacomelli</u>, 588 F.3d 186, 193 (4th Cir. 2009) (quoting <u>Iqbal</u>, 556 U.S. at 678, and <u>Twombly</u>, 550 U.S. at 557).

   2.  Analysis

     a.  <u>Bivens</u> Claim

  Plaintiff alleges Wilson acted with deliberate indifference to his serious medical needs.  In order to establish a claim under the Eighth Amendment, a plaintiff must satisfy a two-pronged test consisting of an objective prong and a subjective prong.  <u>Johnson v. Quinones</u>, 145 F.3d 164, 167 (4th Cir. 1998).  To satisfy the objective prong, an inmate  must show that "the deprivation of [a] basic human need was objectively sufficiently serious."  <u>Id.</u> (alteration in original) (emphasis removed) (quotations omitted).

  Assuming without deciding that plaintiff is able to satisfy the objective prong of the Eighth Amendment test, the court considers the second prong of the Eighth Amendment test–whether Wilson acted with deliberate indifference.  "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994).  It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm.  <u>Id.</u> at 837; <u>Shakka v. Smith</u>, 71 F.3d 162, 166 (4th Cir. 1995).  A disagreement between an inmate and a physician regarding the appropriate form of treatment does not state a claim for deliberate indifference.  <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1985).  Likewise, mere negligence or malpractice in diagnosis or treatment does not state

5

a constitutional claim.  Estelle , 429 U.S. 97, 105-106 (1976); Johnson, 145 F.3d at 168; Sosebee

v. Murphy, 797 F.2d 179, 181-82 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285, 1286 (4th Cir.

1977).

      Wilson argues that plaintiff failed to state an Eighth Amendment claim because the only

allegations plaintiff made against him was identifying him as a surgeon at Durham Regional

Hospital.  In response, plaintiff makes the conclusory allegation that "all of the parties listed in the

complaint, to [his] belief are responsible in their individual and professional capacities for being

deliberately indifferent toward [his] need for medical care for a severe medical issue."  Pl.'s Resp.

p. 1.  Plaintiff also states that Wilson "caused the current serious medical condition and as a result

[he] has severe scarring and a protruding fistula that drains fecal matter constantly, which a fecal

collection bag cannot be attached because of extreme scarring."  Id. p. 3.

      From plaintiff's allegations, it appears that he is dissatisfied with his abdominal surgery

performed by Wilson.  Although plaintiff alleges that Wilson's efforts in treating his medical needs

were not effective, the fact that Wilson's treatment of plaintiff was not effective does not give rise

to a constitutional violation.  See e.g., Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975); Starling

v. United States, 664 F. Supp. 2d 558, 569-70 (D.S.C. 2009); see also, Johnson, 145 F.3d at 167

(finding that negligent acts are not sufficient to establish a constitutional violation).  Moreover,

plaintiff's conclusory allegation that Wilson "caused" his current condition amounts to nothing more

than a disagreement over the proper course of treatment which does not constitute an Eighth

Amendment claim.  See e.g., Russell, 528 F.2d at 319; see, Wright, 766 F.2d at 850.  Finally,

plaintiff's conclusory allegation that Wilson "had an obligation to treat [his] serious medication

condition . . . [and] chose not to treat the condition" is not sufficient to state a constitutional claim.

Pl.'s Supp. Resp. p. 2; see, White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Aside from conclusory allegations, plaintiff has made no allegation that Wilson knew of and disregard an objectively serious condition, medical need, or risk of harm. Therefore, plaintiff has not sufficiently alleged the subjective element of his Eighth Amendment deliberate indifference claim, and plaintiff has failed to state an Eighth Amendment claim against Wilson.

        b.     FTCA Claim

Wilson asserts that plaintiff failed to state a medical malpractice or negligence claim against him because he failed to comply with Federal Rule of Civil Procedure 9(j). An individual may seek relief from the United States under the FTCA only where the same relief sought is available against a private person in the state where the cause of action arose. See, e.g., United States v. Muniz, 374 U.S. 150, 152–53 (1963); Miller v. United States, 932 F.2d 301, 303 (4th Cir. 1991). "State law determines whether there is an underlying cause of action; but federal law defines the limitations period and determines when that cause of action accrued." Miller, 932 F.2d at 303. "[F]ederal courts apply the substantive law of the state in which the act or omission giving rise to the action occurred." Myrick v. United States, 723 F.2d 1158, 1159 (4th Cir. 1983). In this case, plaintiff was incarcerated at a correctional facility in Butner, North Carolina throughout the relevant time period. Thus, North Carolina is the state in which the alleged act or omission giving rise to the action occurred, and the court examines North Carolina substantive law.

North Carolina imposes substantive legal requirements that a person must follow to pursue a medical malpractice claim. See N.C. R. Civ. P. 9(j). Under North Carolina Rule of Civil Procedure 9(j), a plaintiff's medical malpractice complaint must assert that the medical care has been reviewed by a person who is reasonably expected to qualify (or whom the plaintiff will move to

qualify) as an expert witness and who is willing to testify that the medical care received by the plaintiff did not comply with the applicable standard of care. See N.C. R. Civ. P. 9(j)(1), (2); see, e.g., Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676 (W.D.N.C. 2004); Moore v. Pitt County Mem'l Hosp., 139 F. Supp. 2d 712, 713 (E.D.N.C. 2001). Alternatively, the complaint must allege facts establishing negligence under the common-law doctrine of res ipsa loquitur. See N.C. R. Civ. P. 9j(3). Failure to comply with Rule 9(j) is grounds for dismissal of a state medical malpractice claim brought in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Frazier, 308 F. Supp. 2d at 676–77; Moore, 139 F. Supp. 2d at 713.

Plaintiff's complaint fails to allege that he obtained certification from an expert willing to testify that his treating medical personnel did not comply with the applicable standard of care. Further, the doctrine of res ipsa loquitur "is allowed only when the occurrence clearly speaks for itself." Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000); see, e.g., Tice v. Hall, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984) (surgical sponge left in patient's body); Schaffner v. Cumberland County Hosp. Sys., Inc., 77 N.C. App. 689, 691–93, 336 S.E.2d 116, 118–119 (1985) (patient's hand burned during ear surgery); Hyder v. Weilbaecher, 54 N.C. App. 287, 292, 283 S.E.2d 426, 429 (1981) (stainless steel wire left in patient). Notably, "[w]hen treatment results in an injury to an area implicated in the surgical field, however, common knowledge does not support an inference of negligence in North Carolina." Wright v. United States, 280 F. Supp.2d 472, 481 (M.D.N.C. 2003) (citation omitted). Considering the allegations in plaintiff's pleadings, the doctrine of res ipsa loquitur does not apply to his claim. Thus, plaintiff fails to meet the requirements of Rule 9(j), and his FTCA claim against Wilson fails.

8

B.    McCulley and Hoppers' Motion for Summary Judgment

1.    Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986).  The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial.  Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  Anderson, 477 U.S. at 250.

2.    Analysis

a.    FTCA Claims

The United States argues that plaintiff failed to exhaust his administrative remedies for his FTCA claims.  The FTCA is a limited waiver of sovereign immunity.  This waiver is subject to the condition that an administrative claim first must be submitted to the appropriate agency and "finally denied" before suit may be filed.  See 28 U.S.C. § 2675(a).  Filing a timely administrative claim is jurisdictional and cannot be waived.  Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994) (citing Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986); Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993).  Thus, before an inmate can bring a claim under the FTCA, he must exhaust procedures specified at 28 C.F.R. §§ 14.1 to 14.11 and 543.30 to 543.32.

In determining whether plaintiff has exhausted his administrative remedies for his FTCA claim, the court must determine whether plaintiff's administrative claim presented the United States with adequate notice to properly investigate the underlying incident so that "the agency should investigate the possibility of particular (potentially tortious) conduct." Staggs v. U.S. ex. rel. Dep't of Health & Human Servs., 425 F.3d 881, 884 (10th Cir. 2005); Richardson v. United States, No. 5:08-cv-620, 2011 WL 2133652, at *4 (E.D.N.C. May 26, 2011). A plaintiff bears the burden of proving compliance with the administrative requirements. Logan v. United States, 851 F. Supp. 704, 707 (D. Md. 1994). Further, the presentment of an administrative claim is jurisdictional and may not be waived. Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986).

The salient question under the first prong of the presentment requirement is whether the notice to the government is sufficient in light of the underlying facts and circumstances of the case. See Staggs, 425 F.3d at 884. Notice "is more than a question of technical niceties." Richland-Lexington Airport Dist. v. Atlas Properties, Inc., 854 F. Supp. 400, 409 (D.S.C. 1994). Instead, "[N]otice must do more than cause 'the government to sift through the record.' Rather, notice must be sufficiently detailed so that the United States can 'evaluate its exposure as far as liability is concerned.' Therefore, in addition to requiring a sum certain, a claimant must provide a sufficient factual predicate so that his claim can be investigated." Id. at 412 (quoting Keene Corp. v. United States, 700 F.2d 836, 842 (C.A.N.Y. 1983).

In this case, plaintiff alleges the following FTCA claims: (1) McCulley and Hopper provided him negligent medical care; (2) Butner staff negligently placed him in the SHU; and (3) Butner staff negligently sanctioned him with the loss of good-time credit. The record reflects that plaintiff filed an administrative claim on November 29, 2010, in which he alleges inadequate medical care because

10

he was refused medical supplies and treatment for his intestinal condition. The November 29, 2010, claim, however, does not discuss the physical therapy provide to plaintiff by McCulley or Hopper.[4] Additionally, plaintiff does not discussed his alleged loss of good-time credit or privileges in his administrative claim. Finally, although plaintiff states, in his administrative claim, that prison staff threatened to lock him up in the SHU, he does not complain about his placement in the SHU. Plaintiff does not contest these assertions. Thus, the court finds that plaintiff's November 29, 2010, administrative claim did not contain allegations sufficient to put the United States on notice of his medical negligence claims against McCulley or Hopper, his negligence claim regarding his placement in the SHU, or his negligence claim regarding his loss of good-time credit, and these FTCA claims are DISMISSED without prejudice.

Regarding plaintiff's FTCA claim arising out of his alleged transfer to the SHU, 28 U.S.C. § 1346(b)(2) provides that "[n]o person convicted of a felony who is incarcerated . . . while serving a sentence may bring a civil action against the United States . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." In the absence of any allegation of physical injury, dismissal is required. See, e.g., Michtavi v. United States, 345 Fed. App'x 727, 729-730 (3rd Cir. 2009); Rogers v. United States, 696 F. Supp. 2d 472, 504 (W.D. Pa. 2010); Ajaj v. United States, 479 F. Supp. 2d 501, 550 (D.S.C. 2007). Thus, even if plaintiff exhausted his FTCA claim, his placement in the SHU is not a sufficient injury for the purposes of the FTCA. See Ajaj, 479 F. Supp. 2d at 549 (citation omitted).

As for the remainder of the plaintiff's medical negligence claims, the United States is entitled to dismissal because plaintiff failed to comply with North Carolina's legal requirements that a

---

[4] The court notes that plaintiff's November 29, 2010, administrative claim does not mention McCulley or Hopper at all.

person bringing a medical malpractice complaint must assert that the medical care has been reviewed by a person who is reasonably expected to qualify (or whom the plaintiff will move to qualify) as an expert witness and who is willing to testify that the medical care received by the plaintiff did not comply with the applicable standard of care pursuant to Rule 9(j). See N.C. R. Civ. P. 9(j)(1), (2). Nor did plaintiff alleged facts establishing negligence under the common-law doctrine of res ipsa loquitur. See N.C. R. Civ. P. 9j(3). Thus, plaintiff fails to meet the requirements of Rule 9(j), and his remaining FTCA medical negligence claims fail. See, e.g., Estate of Williams-Moore, 335 F. Supp. at 649.[5]

        b.    <u>Bivens</u> Claims

        1.    McCulley and Hopper

McCulley and Hopper argue that plaintiff's <u>Bivens</u> claim against them should be dismissed because they are entitled to absolute immunity pursuant to 42 U.S.C. § 233(a) of the Public Health Service Act. Section 233(a) protects commissioned Public Health Service officers and employees from being subject to suit "for damage for personal injury . . . resulting from the performance of medical, surgical, dental, or related functions." See <u>Hui v. Castanenda</u>, __ U.S.__, 130 S.Ct. 1845, 1851 (2010); <u>Cook v. Blair</u>, No. 5:02-CT-609-BO, 2003 WL 23857310, *1 (E.D.N.C. March 21, 2003), <u>aff'd</u>, 82 F. App'x 790 (4th Cir. 2003). Under § 233(a), the exclusive remedy for actions against Public Health Service members is against the United States pursuant to the FTCA. See 42 U.S.C. § 233(a); <u>Cook</u>, 2003 WL 23857310, *1 (citing <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 107 (2nd Cir. 2000)).

---

[5] The court notes that even if plaintiff had properly exhausted his FTCA claims against McCulley and Hopper, which this court maintains that he has not, his FTCA claim against these defendants still fails because he failed to obtain Rule 9(j) certification prior to filing this action. See N.C.R. Civ. P. 9j.

McCulley and Hopper submitted declarations stating that, at the time they provided physical therapy to plaintiff at Federal Correctional Complex in Butner, North Carolina ("Butner"), they were commissioned officers in the United States Public Health Service employed by the Health Services Division of the Federal Bureau of Prisons. McCulley Decl. ¶ 1; Hopper Decl. ¶ 1. Specifically, both McCulley and Hopper served as a physical therapists at Butner. Id. Accordingly, even if plaintiff's allegations of inadequate medical care are true, McCulley and Hopper, as officers of the Public Health Service, are entitled to absolute immunity pursuant to § 233(a) because they are being sued based upon their performance of a medical function. See Cuoco, 222 F.3d at 108 (holding there is "nothing in the language of § 233(a)" to support a finding that it "provides immunity only from medical malpractice claims."); Theresa T. v. Ragaglia, 154 F. Supp. 2d 290, 299-300 (D. Conn. 2001) (finding a statutory duty to report suspected child abuse is a related function to provision of medical services). Because McCulley and Hopper are immune from plaintiff's suit, plaintiff's Bivens claim against them is DISMISSED.

### 2. BOP Health Service Staff

Although plaintiff names the BOP Health Service Staff as a separate defendant from McCulley and Hopper, his allegations indicate that he intends them to be the same defendant. See Am. Compl. p. 3. To the extent plaintiff is suing the BOP Health Service Staff separately, he may not maintain an action against this party because it is not a person amenable to suit under Bivens.[6] See Harding v. Green, 27 F. App'x 173, 178 (4th Cir. 2001) ("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983.") (citations omitted); English v. South Carolina Dept. of Corrections Mental Health, No. C/A No. 1:12-511-JFA-SVH,

---

[6] The court notes that the proper party for a suit brought under the FTCA is the United States of America. 28 U.S.C. §§ 1346(b), 2674, 2679. Thus, the BOP Health Service Staff is not a proper party in an FTCA action.

2012 WL 3062655, at *2 (D.S.C. June 28, 2012); <u>Dalton v. South Carolina Dep't of Corr.</u>, No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. Mar. 26, 2009) (dismissing "medical staff" and prison health services as defendants because they were not persons). Based upon the foregoing, plaintiff's claim against the BOP Health Service Staff is DISMISSED without prejudice.[7]

    3.     FOIA

    Plaintiff has not provided the court with the information necessary to pursue a claim under the Freedom of Information Act ("FOIA").[8] BOP records indicate that plaintiff filed a request pursuant FOIA seeking "copies of all records about [him which the BOP had in its] possession." Cox Aff. ¶ 7 and Attach. 3. In response on May 26, 2011, the BOP informed plaintiff that his request had been interpreted as a request for copies of his BOP central file and medical records. <u>Id.</u> The BOP further informed plaintiff that he could access the requested information by submitting written requests to his unit team (for his central file), and to the institution's medical records department (for his medical records). <u>Id.</u> Finally, plaintiff was informed that if the records were withheld from him locally, he could resubmit his FOIA request. <u>Id.</u> In response, on June 23, 2011, plaintiff requested a copy of his medical records from 2006 through the present. <u>Id.</u> ¶ 8. Butner staff responded that due to the large number of pages, his request would result in a fee in order to obtain the records. <u>Id.</u> Plaintiff then submitted a second request for copies of his most recent

---

[7] The court notes that plaintiff's conclusory allegations in his complaint regarding his placement in the SHU, loss of good time credit/privileges, and inadequate mental health treatment also were not sufficient to allege a <u>Bivens</u> claim. <u>White</u>, 886 F.2d at 723. These claims are DISMISSED without prejudice.

[8] The court notes that a FOIA request is not actionable under <u>Bivens</u>. <u>See</u> <u>Cooper v. Stewart</u>, No. 11-5061, 2011 WL 6758484, at *1 (D.C. Cir. Dec. 15, 2011); <u>Johnson v. Exec. Office for U.S. Attorneys</u>, 310 F.3d 771, 777 (D.C. Cir. 2002).

14

medical records, and copies of the records were provided to him.  Id.  Plaintiff has not submitted any further requests for medical records.  Id.

Under the FOIA, a plaintiff is obligated to request specific information in accordance with published administrative procedures.  5 U.S.C. § 552(a).  The only basis for review is that a proper request for information was improperly denied.  5 U.S.C. § 552(a)(4)(B).  Based on the evidence in the record, plaintiff has failed to show he appealed under 28 C.F.R. § 16.9.  Plaintiff does not dispute this evidence.  Exhaustion is required.  See Id. § 16.9(c).  Moreover, and in any event, he has failed to show that any information was improperly denied.  Rather, plaintiff was provided with the information he requested.  Furthermore, an explanation was provided to plaintiff for the medical records which were not provided.  Plaintiff has not provided any evidence to the contrary.  Thus, plaintiff has failed to state a FOIA claim.

## CONCLUSION

For the foregoing reasons, Wilson's motion to dismiss (DE # 17) is GRANTED, and plaintiff's FTCA claim against Wilson is DISMISSED without prejudice.  The remaining defendants' motion for summary judgment (DE # 33) is GRANTED, plaintiff's FTCA claims, Bivens claim against the BOP Health Service Staff, and conclusory Bivens' claims are DISMISSED without prejudice.  The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 27th day of August, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

15